# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60179

———————

Merlyn Roxana Irias-Amaya; Wilmer Astul Irias-Amaya,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency Nos. A206 444 380,
A206 444 381

_____

Before Clement, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Merlyn Roxana Irias-Amaya and Wilmer Astul Irias-Amaya, siblings who are natives and citizens of Honduras, timely petition this court for review of a BIA decision denying asylum and withholding of removal. The petition is DENIED in part and DISMISSED in part.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60179

## Standard of Review

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial evidence standard applies to review of decisions denying asylum and withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "We review the BIA's findings of facts under the substantial evidence standard, which requires that the decision of the BIA be based on the evidence presented and that the decision be substantially reasonable." *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "The petitioner has 'the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion.'" *Orellana-Monson*, 685 F.3d at 518 (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir.2006)). Normally, this court looks only to the BIA's decision but when the BIA adopts the IJ's decision, without assigning reasons, as it did here, this court reviews the IJ's decision. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006).

## Discussion

To qualify for asylum, an applicant must demonstrate "either past persecution or a reasonable, well-founded fear of future persecution on account of" race, religion, nationality, membership in a particular social group, or political opinion. *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014); *see also* 8 U.S.C. § 1101(a)(42)(A). Here, the IJ found that Merlyn was persecuted in the past, but that Wilmer was not and that neither faced harm on account of a protected ground. Both siblings argue that they were persecuted on account of a membership in a particular social group,

specifically, their family.[1] The proposed particular social group must be "at least one central reason" for the alleged persecution. 8 U.S.C. § 1158(b)(1)(B)(i). The IJ found that the siblings failed to establish a nexus between the siblings' claims of persecution and their membership in their family group.

### 1. Merlyn Irias Amaya's Asylum Claim

Merlyn Irias-Amaya testified that her uncle tried to sexually abuse her on several occasions when she was around 11 years old. She told her grandmother and parents about the attempted abuse, and, as a result, she never saw this uncle again. Additionally, Merlyn testified that when she was 12 or 13 years old, she was robbed by "[d]elinquents" while she was on her way to school. [2]

Merlyn Irias-Amaya does not offer a compelling argument that her family was a central reason for her persecution. The IJ found that Merlyn failed to show why she was abused and noted that the record showed that other family members intervened to protect her. Merlyn now argues that the persecution only happened because of her family relationship, and while "a statutorily protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotations omitted). "A protected ground will likely be incidental when it is but a means to an ultimate, unprotected end." *Berrios-Bruno v. Garland*, No.

---

[1] Before the IJ, the siblings also argued that they were persecuted on account of their memberships in groups of "young Honduran females" and "young Honduran male[s]." Because they do not raise this argument on appeal, we need not consider it.

[2] Merlyn offers no explanation why being robbed would entitle her to asylum.

18-60276, 2021 WL 3624766, at *4 (5th Cir. Aug. 16, 2021) (citing *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492 (5th Cir. 2015)).

The IJ concluded that the assault likely happened because Merlyn was young and vulnerable and not because of any animosity her uncle held against the family. Merlyn offers no legitimate argument against the finding except for the conclusory statement that "[w]ere it not for that blood relation, [she] would likely never have been persecuted." This, however, is neither sufficient nor evidence. There is no evidence in the record that the IJ's conclusion was not substantially reasonable, and, in fact, the only evidence available is that the threatened abuse stopped when Merlyn informed her parents and grandparents. Merlyn therefore fails to connect any past or future persecution to any protected grounds. The IJ's conclusion was substantially reasonable.

### 2. Wilmer Irias-Amaya's Asylum Claim

Wilmer argues that he experienced past persecution based on his cousin threatening to kidnap him. Wilmer fails to show why this kidnapping attempt was connected to the membership in his family as opposed to being incidental, tangential, superficial, or subordinate to another reason for harm. Wilmer, therefore, was not subject to past persecution.

Additionally, Wilmer testified that he never saw his cousin again after this kidnapping attempt. The IJ found that there was no "reason to think that the cousin gang member who grabbed [Wilmer] and threatened him with kidnapping, and who lived elsewhere, would cause [Wilmer] any problems if he were to return from Honduras." Wilmer fails to show any problems if he were to return to Honduras. Because of these reasons, the IJ's conclusion was substantially reasonable.

No. 22-60179

### 3. Withholding of Removal

The Irias-Amaya siblings' withholding of removal claims fails because asylum is not established. *Dayo v. Holder*, 687 F.3d 653, 658 n3, 658–59 (5th Cir. 2012). The siblings now argue that the standards for establishing nexus have been relaxed for withholding claims. This argument is foreclosed by our precedent. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021).

### Conclusion

The petition for review is DENIED in part and DISMISSED in part. [3]

_____

[3] The BIA decision also denied CAT protection, but Petitioners fail to brief this claim and it is waived. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).